IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

UNITED STATES OF AMERICA,

vs.   No. 00-20056-(G)B

O'RANE M. CORNISH, SR.,

---

ORDER CORRECTING THE DOCKET
AND
ORDER DENYING MOTION TO TOLL LIMITATIONS PERIOD
FOR FILING MOTION PURSUANT TO 28 U.S.C. § 2255

---

On August 16, 2004, Defendant O'Rane M. Cornish, Sr., Bureau of Prisons inmate registration number 17293-076, who was, at the time, an inmate at the Federal Correctional Institution in Texarkana, Texas,[1] filed a motion seeking an order tolling the limitations period for filing a motion pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 196.) The Court issued an order on September 2, 2004 denying that motion (D.E. 200) but, due to an apparent error by the Clerk, a copy of that order was not sent to Defendant. On November 22, 2004, Defendant filed a motion seeking a status report on the motion to toll the limitations period (D.E. 201), which the Court addressed in an order issued on November 23, 2004 (D.E. 202). That order directed the Clerk to mail a copy of the September 2, 2004

---

[1] Defendant has been released from prison, and his current address, as reflected in case number 05-2066, is 3804 Shadyhollow Lane, Memphis, TN 38116. The Clerk is directed to correct the docket to reflect Defendant's current address and to mail a copy of this order to him at that address.

order to Defendant at his address of record. (Id.) On December 4, 2004, Defendant filed a motion seeking a delayed appeal of the order issued on September 2, 2004. (D.E. 204.)

Pursuant to Fed. R. App. P. 4(b)(1)(A)(i), Defendant had ten (10) days after entry of the September 2, 2004 order to file a timely notice of appeal. That time expired on September 17, 2004. Rule 4(b)(5) of the Federal Rules of Appellate Procedure provides:

> Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Thus, "a district court has the discretion to consider a motion to extend the time for appeal beyond the 10-day deadline _if and only if_ it is filed within 30 days after the 10-day deadline, or 40 days from the date of entry of judgment." United States v. Tarrant, 158 F.3d 946, 947 (6th Cir. 1998) (emphasis in original). A motion filed beyond those dates may not be granted even upon a showing of good cause or excusable neglect. Id.

In this case, Fed. R. App. P. 4(b)(5) authorized the Court to extend the time for filing a notice of appeal to October 18, 2004. Defendant did not file his motion for a status report until November 17, 2004, the date on which it was deposited in the prison mail system, Fed. R. App. P. 4(c)(1), and the motion for a delayed appeal was deposited in the prison mail system on December 1, 2004. Defendant's motion for a delayed appeal is untimely and the Court is without authority to grant it even if Defendant could show good cause.

The motion for a delayed appeal is DENIED.

IT IS SO ORDERED this 5th day of May, 2008.

                                        s/ J. DANIEL BREEN
                                        UNITED STATES DISTRICT JUDGE